WEST INDIA OIL Co., Plaintiff and Appellant, *v.* TOBACCO TRADE JOURNAL, ET AL., Defendants and Appellees.

No. 7246. Argued May 25, 1937.—Decided July 23, 1937.

*José Carbia Miranda* for appellant. *Besosa & Besosa* for appellee Tobacco Trade Journal.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

On January 4, 1934, the West India Oil Co. filed a complaint in intervention in the District Court of Humacao, claiming to be entitled to the $50 monthly rental which Santiago Iglesias Silva was to receive on a house belonging to him situated in Caguas, up to the amount of $850, which had been attached by the Tobacco Trade Journal in an action of debt brought against the said Iglesias in the District Court of San Juan.

Eight days afterward the defendant in the intervention proceeding, the Tobacco Trade Journal Co., filed its answer, and three days later the claimant filed a demurrer thereto.

At this stage, on June 15th of the following year, the clerk presented to the court a motion which reads thus:

"Now comes the clerk and informs that the parties have not taken any steps in the instant case since March 9, 1934, and hence there has been no progress in the same for more that a year. And in view of Rule 3 of the District Courts in civil cases, it is requested that the parties be considered as having abandoned this suit, and that judgment be rendered dismissing the same, after notice to the parties."

On June 17, 1935, the court ordered that notice of the motion be served on the parties and that they be granted

ten days from the date of such service to appear and show cause why judgment should not be rendered dismissing the case for want of prosecution.

The parties were notified on said date, June 17, 1935, and on the 19th the claimant appeared and stated:

"That very important reasons have intervened which have prevented the plaintiff from requesting a setting of this case, among them, that the undersigned attorney was absent fron Puerto Rico during part of last year; and that the directors and officers of this corporation have been substituted, which fact has prevented the attorney for the plaintiff from giving the usual attention to the pending suits because he has been in constant consultation with said new directors, in order to inform them of the present situation of the island in its different aspects, which situation is unknown to them.

"That the above causes will terminate at any time and, therefore, the plaintiff shall at any time take the proper steps for the further prosecution of this case, especially since this party has a just, good, and reasonable cause of action."

On July 16, 1935, the defendant in the intervention proceeding filed a writing in opposition, as follows:

"That since January 17, 1934, the demurrers to the answer of this party have been pending argument in this case, and that so far no steps have been taken by the claimant to have said motion heard and to dispose of the same by requesting a setting from this Hon. Court, the West India Oil Co., confining itself by its motion of June 19, 1935, to the statement of reasons which totally fail to justify the lack of prosecution of these proceedings by said party, as the professional duties of the attorney can not justify the attitude assumed by the claimant in this case, which attitude they intend to continue, as may be inferred from the very motion of June 19, 1935, by which no effort or step is taken to further prosecute these proceedings."

The defendant in the intervention proceedings goes on to state other reasons why it considers that the claimant does not have a good cause of action.

The court set the motion of June 19 for hearing on August 2, 1935. No one appeared. On the following day, August 3, 1935, there was presented a motion dated August

1st, whereby both parties asked for a continuance of the hearing to August 9.

Then followed a petition of the claimant filed on August 17, 1935, to have its demurrer to the answer included in the special calendar of August 23, to which petition the clerk did not consent as the matter of the dismissal was pending.

On August 27, 1935, the court rendered the following judgment:

"On reading the motion filed by the plaintiff, in opposition to the dismissal of the case, and in view of the allegations made by the defendant, the Tobacco Trade Journal Co., the motion of the clerk is sustained, and, accordingly, judgment is hereby rendered dismissing this case for unjustified lack of prosecution of the same for more than a year from the date of the last step taken as it appears from the record to the date on which the clerk filed his motion which we now decide. The clerk will notify this judgment to the parties."

Feeling aggrieved by that judgment, the claimant took an appeal and urged that the court "manifestly abused its discretion in ordering the dismissal of the case."

Rule 3 of the court cited in said judgment, as the same appears transcribed in the brief of the appellee, provides as follows:

"Rule 3.—At the calling of the calendar at each regular term, the court, *motu proprio* and by previously notifying the parties at least five days before, may order the dismissal of any pending action, suit or proceeding wherein no progress has been made in their prosecution and entry thereof made in the record, for one year or more, due to the negligence of the parties, unless such delay is opportunely justified to the satisfaction of the Court."

And the issue being confined to the question of whether or not the lower court abused its discretion in applying said rule, we think that a decision in the negative is proper.

The facts and the law are clear. The claimant filed in the suit a demurrer to the answer on January 15, 1934, and took no further step in the case. When the clerk filed his motion in court on June 15, 1935, there had already elapsed

50

not only a year but about a year and a half of inactivity in the prosecution of the proceeding. The parties were notified. What was the excuse of the claimant? We have transcribed literally its statements made in a motion which was not even verified. In substance they were that its attorney had been absent from Puerto Rico during part of the time, and that its directors and officers had been changed.

Can it be asserted that in holding these statements to be insufficient the lower court abused its discretion? The contrary is so clear that a negative answer can not be avoided. A period greater than one year is involved. It is admitted that the absence of the attorney did not extend over the entire period. It is not stated how long the substitution of the directors lasted, but it could not have been for so long a period. The impression which said allegations create is that of mere excuses, not of reasons which justify or even tend to justify the conduct of the party or of its attorney.

Such being the attendant circumstances of the case, the appeal must be dismissed and the judgment appealed from affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.